IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

RECEIVED

2006 DEC -8 A 10: 13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MITCHELL TODD CROWLEY and WANDA CROWLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:06cv1090 - WKW ) |
| PATRICK THOMPSON, MID SOUTH TRANSPORT, INC., | ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

COME NOW the Defendants, Mid South Transport, Inc. and Patrick Thompson, and file their Notice of Removal and show unto the Court as follows:

1.  Plaintiffs filed this action in the Circuit Court of Barbour County, Alabama, Eufaula Division, on or about November 13, 2006, as Civil Action No.: CV 2006-155. The Defendants received no notice of this action prior to service of the Summons and Complaint. This Notice is filed in the United States District Court for the Middle District of Alabama, Northern Division, within the time allowed by law for the removal of civil actions to a United States District Court. The documents attached hereto as "Exhibit 1" constitute the entire court file for the civil action in the Circuit Court of Barbour County, Alabama, Eufaula Division.

2.  Defendants file this notice of removal with the Court pursuant to 28 U.S.C. §§ 1441 and 1446 and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. This Notice of Removal is timely filed because it is submitted within thirty (30) days from the day any Defendant received a copy of, or otherwise received notice of, the Summons and Complaint in this action, as the Plaintiffs served Defendants Mid South Transport, Inc. (hereinafter "Mid South") and Patrick

Thompson, via certified mail on November 16 and November 15, 2006, respectively. Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

3.  Pursuant to 28 U.S.C. § 1446(d), Defendants show that a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Barbour County, Alabama, Eufaula Division. Further, Defendants represent to the Court that a copy of this Notice of Removal is also being served upon Counsel for Plaintiffs.

4.  Complete diversity exists between the Parties properly named and served in this action. Upon information and belief, Defendants assert that Plaintiffs, Mitchell Todd Crowley and Wanda Crowley, are individual citizens and residents of the City of Eufaula, Alabama and that both of the Crowleys are over the age of nineteen (19). Defendant Mid South is is a foreign corporation organized and existing under the laws of the State of Tennessee, and its principal place of business is in Memphis, Tennessee. Thus, Mid South is not a citizen of the State of Alabama, but is a citizen of the State of Tennessee for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Finally, Defendant Patrick Thompson is an individual citizen and resident of the State of Mississippi and is over the age of nineteen (19), thereby completing diversity of citizenship. Without waiver of any defenses or objections, including but not limited to, improper service of process, venue, and lack of personal jurisdiction, Defendants submit this Notice of Removal.

5.  This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and this action is between citizens of different states. Although Plaintiffs' Complaint does not specifically plead an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), Defendants aver that the amount in controversy exceeds the sum or value of Seventy-Five Thousand dollars ($75,000.00) exclusive of interest and costs. In the Complaint, the Plaintiffs describe their injuries, losses and/or damages in the following manner:

Mitchell Crowley:

As a result of the negligent of Patrick Thompson, Plaitniffs received injuries from which they seek compensation.

As a result of the accident, the Plaintiff has received bodily injury and incurred medical expenses and will have future pain and suffering associated with the bodily injuries he received.

WHEREFORE, Plaintiffs demand judgment against the Defendant in such an amount of compensatory damages as a jury deems reasonable and may award together with their costs to include attorney's fees.

Defendant Patrick Thompson wantonly disregarded the responsibilities and created a hazardous condition which was a primary cause of the accident involving Mitchell Todd Crowley causing physical and bodily injuries to Mr. Crowley.

WHEREFORE, Plaintiffs demand judgment against the Defendant in such an amount of compensatory [sic] damages as a jury deems reasonable and may award together with their costs to include attorney's fees.

Wanda Crowley:

As a result of the accident of April 4, 2006, Mitchell Todd Crowley has received bodily injuries and as such the Plaintiffs, Mitchell Todd Crowley and Wanda Crowley were caused to suffer loss of consortium from each other due to the negligent and/or wanton conduct of the Defendant.

WHEREFORE, Plaintiffs demand judgment against the Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award together with their costs to include attorney's fees.

[Plaintiff's Complaint, ¶¶ 16-17, 20, 23].

6. Under Alabama law, a successful claim asserting wantonness entitles a plaintiff to the possible receipt of punitive damages. Furthermore, "there is no fixed standard for the ascertainment of compensatory damages for mental anguish. A determination of how much to award is left up to the sound discretion of the jury, subject only to the correction of the court for clear abuse or passionate exercise." Duck Head Apparel Co., Inc., v. Hoots, 659 So. 2d 897 (Ala. 1995), *see also*, Alabama Power Co. v. Harmon, 483 So. 2d 386 (Ala. 1986).

7.  In addition, the Alabama Court of Civil Appeals has noted:

> We are aware that the law in Alabama states that the amount of damages for physical injury and pain and suffering must be left largely to the sound discretion of the jury. . . Furthermore, we recognize the rule that in cases in which pain and suffering are at issue no absolute standard exists by which adequacy of damages awarded can be measured.

Merritt v. Roberts, 481 So. 2d 909 (Ala. Civ. App. 1985), see also, Pierce v. Strickland Paper Co., 653 So. 2d 306 (Ala. Civ. App. 1994) ("Trial court erred when it increased the damages for pain and suffering, because it had no fixed and exact standard by which to measure those damages"); and Jones B. Butts, 646 So. 2d 104 (Ala. Civ. App. 1994).

8.  If liability, injuries and damages, including those set forth in the Plaintiffs' Complaint, are proven in accordance with applicable law, a jury in this case could reasonably return a verdict in excess of Seventy-Five Thousand Dollars ($75,000.00). Defendants do not admit or contend that they are liable to Plaintiffs and do not admit or contend that the Plaintiffs' damages necessarily exceed Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs. Rather, the Defendants believe that the Plaintiffs will seek and ask a jury to return a verdict in an amount, sum or value in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs. Moreover, a defendant should not be deprived of its right to remove a cause to a United States District Court due to a plaintiff's failure to demand a specific monetary figure. See Steele v. Underwriter's Adjusting Co., Inc., 649 F. Supp. 1414 (M.D. Ala. 1986).

9.  Based upon the damages claimed by the Plaintiffs in their Complaint as set forth above, the applicable Alabama law governing damages for mental anguish and physical pain and suffering, the Defendants aver that the amount in controversy in this matter exceeds the Seventy-Five Thousand Dollar ($75,000.00) threshold required for jurisdiction in this Court.

10. In the event that the Plaintiffs dispute that the amount in controversy exceeds the jurisdictional requirement, Defendants request leave to conduct discovery to determine the extent of the Plaintiffs' claim to injuries, medical expenses incurred to date, future medical

expenses and other damages.

11. The events complained of in the Complaint occurred in the State of Alabama, and said action is one over which the District Courts of the United States are given original jurisdiction. Furthermore, there is complete diversity of citizenship between the Parties, Plaintiffs and Defendants, and the jurisdictional sum or value exceeds Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Defendants give notice that the above-action now pending against them in the Circuit Court of Barbour County, Alabama, Eufaula Division, is removed therefrom to this Court.

Respectfully submitted,

_____
Brett A. Ross (ASB-6771-O76B)

_____
Chad S. Godwin (ASB-1054-A56G)

Attorneys for Defendants

OF COUNSEL:
Carr Allison
100 Vestavia Parkway
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing upon the following counsel of record by placing same in U.S. mail, addressed as follows and postage prepaid, on this the 7 day of December, 2006:

William B. Alverson, Jr.
Albrittons, Clifton, Alverson,
 Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

Erin Scott
Post Office Box 1007
Andalusia, Alabama 36420

_____
Of Counsel

# EXHIBIT 1

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X Cheryl Stone ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) Cheryl Stone  C. Date of Delivery 11-15-6 |
| 1. Article Addressed to:<br><br>Midsouth Transport, Inc.<br>2765 Profit Drive<br>Memphis, TN 38132 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☒ Yes |
| 2. Article Number (Transfer from service label) | 7005 1820 0005 5833 3268 |
| PS Form 3811, February 2004  Domestic Return Receipt | 102595-02-M-1540 |

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X Belvia Thompson ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) BELVIA THOMPSON  C. Date of Delivery 11/16/06 |
| 1. Article Addressed to:<br><br>Mr. Patrick Thompson<br>1002 County Road 144<br>New Albany, MS 38622 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☒ Yes |
| 2. Article Number (Transfer from service label) | 7005 1820 0005 5833 3275 |
| PS Form 3811, February 2004  Domestic Return Receipt | 102595-02-M-1540 |

| State of Alabama Unified Judicial System | SUMMONS | Case Number |
|---|---|---|
| Form C-34  Rev 6/88 | - CIVIL - | CV-06 155 |

IN THE _Circuit_ COURT OF _Barbour_ COUNTY

Plaintiff _Mitchell and Wanda Crowley_  v. Defendant _Patrick Thompson, Midsouth Transpor_

NOTICE TO _Midsouth Transport Inc.  2765 Profit Drive  Memphis, TN 38132_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _William B. Alverson_ WHOSE ADDRESS IS _P.O. Box 880 Andalusia, AL 36420  (334) 222-3177_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___60___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _Nov. 13, 2006_   FILED   _[signature]_ Clerk/Register   By _[signature]_

NOV 13 2006
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

☒ Certified Mail is hereby requested   _[signature]_ Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

Date _____   Server's Signature _____

Address of Server _____

| State of Alabama<br>Unified Judicial System<br>Form C-34    Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number<br>CV-06 155 |
|---|---|---|

IN THE **Circuit** COURT OF **Barbour** COUNTY

**Plaintiff** Mitchell and Wanda Crowley      **v. Defendant** Patrick Thompson, Midsouth Transport

**NOTICE TO** Mr. Patrick Thompson  1002 County Road 144 New Albany, MS 38622

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **William B. Alverson** WHOSE ADDRESS IS **P.O. Box 880 Andalusia, AL 36420   (334) 222-3177**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **60** DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date **11-13-06**     FILED  _signature_  Clerk/Register   By: _____

NOV 13 2006
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

☒ Certified Mail is hereby requested.  _signature_ Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

Date _____      Server's Signature _____

Address of Server _____

# IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## EUFAULA DIVISION

| | | |
|---|---|---|
| MITCHELL TODD CROWLEY and WANDA CROWLEY, | ) ) ) | |
| PLAINTIFFS, | ) ) ) | |
| VS. | ) ) | CV-06- 155 |
| PATRICK THOMPSON, MIDSOUTH TRANSPORT, INC., | ) ) ) | |
| DEFENDANTS. | ) | |

FILED NOV 13 2006
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

## COMPLAINT

### JURISDICTION AND VENUE

1. Plaintiffs, Mitchell Todd Crowley and Wanda Crowley are residents of the City of Eufaula, Barbour County, Alabama.

2. Defendant Patrick Thompson, based upon best information, is a resident of New Albany, Mississippi and does conduct business in the State of Alabama.

3. Defendant Midsouth Transport, Inc., based upon information is a Tennessee corporation doing business in Alabama and employed Defendant Thompson on the date in question. Midsouth is responsible for the acts of Defendant Thompson.

### FACTS

4. In the late evening of April 3, 2006 and/or the early morning of April 4, 2006, Defendant Patrick Thompson's parked vehicle owned by Defendant Midsouth Transport, Inc., on Industrial Drive in the city of Eufaula, Alabama.

5. On or about the late evening of April 3, 2006, and/or the early morning of April 4, 2006, Defendant Patrick Thompson parked a commercial motor vehicle owned by Defendant Midsouth Transport, Inc., on Industrial Drive in Eufaula, Alabama.

6. The commercial motor vehicle was parked at a minimum of thirty inches from the side of the curb and on the wrong side of the road, facing oncoming traffic, in violation.

7. The Defendant Patrick Thompson slept in the sleeping compartment of the vehicle.

8. After parking the commercial motor vehicle at a minimum of thirty inches from the

side of the curb and on the wrong side of the road, facing oncoming traffic, in violation, Defendant Patrick Thompson did not place any directional reflective triangles or other approved marking along the roadside as required by Federal Motor Safety Regulation § 392.22 pertaining to emergency signals and stopped commercial motor vehicles, compliance with which is required by Alabama Code § 32-9A-2.

9. On the morning of April 4, 2006, at approximately 6:45 a.m., the vehicle driven by Mitchell Todd Crowley collided with the parked vehicle owned by Midsouth Transport, Inc. As a result of the accident, Mitchell Todd Crowley received personal property damage as well as bodily injury.

10. The vehicle was parked at a minimum of thirty inches from the side of the curb, in violation, and was again parked facing traffic and on the wrong side of the road, in violation.

11. The Defendant Patrick Thompson slept in the sleeping compartment of the vehicle.

12. When the vehicle was parked illegally, Defendant Patrick Thompson did not put out any flares, markings or otherwise as required. There was no directional reflective triangles or lighted fuses or liquid burning flares.

13. On the morning of April 4, 2006, at approximately 6:45 a.m., the vehicle driven by Mitchell Todd Crowley collided with the parked vehicle owned by Midsouth Transport, Inc. As a result of the accident, Mitchell Todd Crowley received personal property damage as well as bodily injury.

### FIRST CAUSE OF ACTION - NEGLIGENCE

14. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

15. Patrick Thompson negligently parked the vehicle owned by Midsouth Transport, Inc., and created a hazardous condition. Patrick Thompson breached his duty and due care by not putting forth the appropriate street markings and/or parking the vehicle on the correct side of the street and/or by not parking the vehicle within the required areas next to the street curb.

16. As a result of the negligence of Patrick Thompson, Plaintiffs received injuries from which they seek compensation.

17. As a result of the accident, the Plaintiff has received bodily injury and incurred medical expenses and will have future pain and suffering associated with the bodily injuries he received.

WHEREFORE, Plaintiffs demand judgment against the Defendant in such an amount of compensatory damages as a jury deems reasonable and may award together with their costs to include attorney's fees.

## SECOND CAUSE OF ACTION - WANTONNESS

18. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

19. The Defendant Patrick Thompson owed a duty of care to properly park the vehicle owned by Defendant Midsouth Transportation, Inc., and owed a duty of care to properly place the appropriate warnings and markings.

20. Defendant Patrick Thompson wantonly disregarded the responsibilities and created a hazardous condition which was a primary cause of the accident involving Mitchell Todd Crowley causing physical and bodily injuries to Mr. Crowley.

WHEREFORE, Plaintiffs demand judgment against the Defendant in such an amount of compensatory damages as a jury deems reasonable and may award together with their costs to include attorney's fees.

## THIRD CAUSE OF ACTION - LOSS OF CONSORTIUM

21. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

22. Plaintiff Wanda Crowley is the wife of Mitchell Todd Crowley.

23. As a result of the accident of April 4, 2006, Mitchell Todd Crowley has received bodily injuries and as such the Plaintiffs, Mitchell Todd Crowley and Wanda Crowley were caused to suffer loss of consortium from each other due to the negligent and/or wanton conduct of the Defendant.

WHEREFORE, Plaintiffs demand judgment against the Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award together with their costs to include attorney's fees.

By: /s/ William B. Alverson, Jr.
William B. Alverson, Jr. (ALV005)

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

*[signature]*
Erin Scott (SCO041)
Attorneys for Plaintiffs
Post Office Box 1007
Andalusia, Alabama 36420
334-804-3241

**PLAINTIFFS RESPECTFULLY REQUEST TRIAL BY JURY OF THIS CAUSE**

*[signature]* Mitchell Todd Crowley
Mitchell Todd Crowley

*[signature]* Wanda Crowley
Wanda Crowley

By: *[signature]*
William B. Alverson, Jr. (ALV005)

*[signature]*
Erin Scott (SCO041)

Plaintiffs hereby request that the Circuit Clerk serve the foregoing upon the following by Certified Mail in accordance with Alabama Rules of Civil Procedure:

Mr. Patrick Thompson
1002 County Road 144
New Albany, MS 38622

Midsouth Transport, Inc.
2765 Profit Drive
Memphis, TN 38132

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>`C V` `2 0 0 6` `☐ ☐ ☐ ☐` `☐ ☐` - `☐ ☐`<br>Date of Filing:   Judge Code:<br>`☐ ☐` `☐ ☐` `☐ ☐ ☐ ☐`   `☐ ☐ ☐ ☐ ☐`<br>Month   Day   Year |
|---|---|---|

### GENERAL INFORMATION

IN THE CIRCUIT COURT OF __Barbour_____, ALABAMA
                                               *(Name of County)*

__Mitchell and Wanda Crowley_____   v.   __Patrick Thompson, Midsouth Transport, Inc.__
             **Plaintiff**                                                              **Defendant**

First Plaintiff:  ☐ Business  ☒ Individual  ☐ Government  ☐ Other
First Defendant: ☐ Business  ☒ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☒ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**FILED NOV 2006 DAVID S. NIX, CLERK BARBOUR CO. ALABAMA**

**ORIGIN** *(check one):*
- F ☒ INITIAL FILING
- A ☐ APPEAL FROM DISTRICT COURT
- O ☐ OTHER: _____
- R ☐ REMANDED
- T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☒ YES ☐ NO
*Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)*

**RELIEF REQUESTED:** ☐ MONETARY AWARD REQUESTED   ☒ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** `A L V 0 0 5`   November 8, 2006
                                     Date
                                     Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☐ UNDECIDED