IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL TODD CROWLEY and WANDA CROWLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:06CV1090-WKW ) |
| PATRICK THOMPSON, MID SOUTH TRANSPORT, INC., | ) ) ) |
| Defendants. | ) ) |

**ANSWER OF DEFENDANTS PATRICK THOMPSON
AND MID SOUTH TRANSPORT, INC.**

COME NOW Defendants Patrick Thompson hereinafter ("Thompson") and Mid South Transport, Inc. ("Mid South"), and in answer to the Plaintiffs' complaint, state as follows:

## I. SPECIFIC ALLEGATIONS

### JURISDICTION AND VENUE

1. The Defendants admit the allegations in this paragraph.

2. The Defendants admit the allegations in this paragraph.

3. The Defendants admit the allegations in this paragraph to the extent that Mid South is a Tennessee Corporation. However, all other allegations in this paragraph are denied and the Defendants demand proof thereof.

4. The only sentence in this paragraph lacks a verb and does not make sense as written. As such, the Defendants deny the allegations in this paragraph, if any, and demand proof thereof.

5. The Defendants admit the allegations in this paragraph.

6. The Defendants deny the allegations in this paragraph and demand proof thereof.

7. The Defendants admit that Defendant Patrick Thompson did at times sleep in the sleeping compartment in the vehicle.

8. The Defendants deny the allegations in this paragraph and demand proof thereof.

9. The Defendants admit that the vehicle driven by Mitchell Crowley collided with the vehicle operated by Patrick Thompson. However, all other allegations in this paragraph are denied and the Defendants demand proof thereof.

10. The Defendants deny the allegations in this paragraph and demand proof thereof.

11. The Defendants admit that Defendant Patrick Thompson did at times sleep in the sleeping compartment in the vehicle.

12. The Defendants deny the allegations in this paragraph and demand proof thereof.

13. The Defendants admit that the vehicle driven by Mitchell Crowley collided with the vehicle operated by Patrick Thompson. However, all other allegations in this paragraph are denied and the Defendants demand proof thereof.

## I. CAUSE OF ACTION

### NEGLIGENCE

14. No response to this paragraph is required.

15. The Defendants deny the allegations in this paragraph and demand proof thereof.

16. The Defendants deny the allegations in this paragraph and demand proof thereof.

17. The Defendants deny the allegations in this paragraph and demand proof thereof.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the *ad damnum* clause of Count I of their Complaint.

## II. CAUSE OF ACTION

### WANTONNESS

18. No response to this paragraph is required.

19. The Defendants deny the allegations in this paragraph and demand proof thereof.

20. The Defendants deny the allegations in this paragraph and demand proof thereof.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the *ad damnum* clause of Count II of their Complaint.

### III. CAUSE OF ACTION

### LOSS OF CONSORTIUM

21. No response to this paragraph is required.

22. The Defendants admit the allegations in this paragraph.

23. The Defendants deny the allegations in this paragraph and demand proof thereof.

The Defendants further deny that the Plaintiffs are entitled to the relief requested in the *ad damnum* clause of Count III of their Complaint.

### IV. AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendants deny the material allegations in the complaint and demand strict proof thereof.

### SECOND DEFENSE

The Defendants plead the general issue.

### THIRD DEFENSE

The Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

### FOURTH DEFENSE

The Defendants plead the contributory negligence of one or both of the Plaintiffs.

### FIFTH DEFENSE

Any damages suffered by the Plaintiffs was proximately caused by the tortious acts or omissions of a third party over whom Defendants have no control.

## SIXTH DEFENSE

The Defendants pleads the failure of the Plaintiffs to mitigate their damages.

## SEVENTH DEFENSE

The Defendant plead the applicable statute of limitations.

## EIGHTH DEFENSE

Some or all of the Plaintiffs' claims are partially or completely barred because one or both of them voluntarily assumed a known risk.

## NINTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendants under the United States Constitution.

## TENTH DEFENSE

The Plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages, violates the Defendants' rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and under the Alabama Constitution, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## ELEVENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the procedural safeguards provided to the Defendants under the Sixth Amendment to the United States Constitution, in that punitive damages are penal in nature and consequently, the Defendants are entitled to the same procedural safeguards afforded to criminal defendants.

## TWELFTH DEFENSE

It is violative of the Self Incrimination Clause of the Fifth Amendment to the United States Constitution and Article I, section 6 of the Alabama Constitution to impose upon the Defendants punitive damages, which are penal in nature, yet compel the Defendants to

disclose potentially incriminating documents and evidence.

### THIRTEENTH DEFENSE

It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose punitive damages against the Defendants, which are penal in nature, by requiring a burden of proof by the Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would be an "excessive fine" in violation of the Eighth Amendment of the United States Constitution and Article I, section 15 of the Constitution of the State of Alabama.

### FIFTEENTH DEFENSE

The imposition of punitive damages in this case violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage award has a substantial chilling effect on the exercise of fundamental rights of ordered liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under state and federal constitutional provisions by: (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-tortfeasors; (5) by failing to provide

sufficiently clear, objective and specific standards for appellate review of awards for punitive damages; (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards; and (7) by placing criminal defendants in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in treatment of similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages against similarly situated defendants.

### SIXTEENTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which states that said damages shall not exceed three times the compensatory damages or $1,500,000, whichever is greater.

### SEVENTEENTH DEFENSE

The Defendants pleads improper venue.

_____
Brett A. Ross (ASB-6771-O76-B)

_____
Chad S. Godwin (ASB-1054-A56-G)

Attorneys for Defendants

**OF COUNSEL**:

**CARR, ALLISON, PUGH, HOWARD,
  OLIVER & SISSON, P.C.**
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-2057 (Direct Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 7th day of December, 2006:

William B. Alverson, Jr.
Albrittons, Clifton, Alverson,
 Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

Erin Scott
Post Office Box 1007
Andalusia, Alabama 36420

_____
OF COUNSEL