IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL TODD CROWLEY and WANDA CROWLEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. CV-06-1090-WKW ) |
| PATRICK THOMPSON, MID SOUTH TRANSPORT, INC., | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING RELEASE OF MEDICAL RECORDS

COME NOW the Defendants and move the Court for a Protective Order authorizing disclosure of protected health information pertaining to the Plaintiff. As grounds for this motion, the Defendants state as follows:

1. This is an action for personal injuries allegedly suffered by Plaintiff, Mitchell Todd Crowley, on or about the late evening of April 3, 2006 and/or the early morning of April 4, 2006. The Plaintiffs allege that, subsequent to the accident, Mr. Crowley underwent substantial medical treatment and incurred medical bills in an effort to cure the injuries alleged.

2. Because of the nature of this personal injury litigation, the Defendants need access to the Plaintiff's medical records and bills to evaluate his claims, the extent of his injuries, the presence of pre-existing or subsequently developed medical conditions and other information pertaining to the Plaintiff's medical condition.

3. Pursuant to the implementation of the Health Insurance Privacy and Accountability Act (HIPAA), health care providers may require the assurance of a protective order limiting disclosure of medical information pertaining to Plaintiff Mitchell Todd Crowley before responding

to a subpoena or other directive to produce medical records or bills. A proposed Protective Order is submitted herewith.

WHEREFORE, premises considered, Defendants respectfully request that the Court enter a Protective Order governing the dissemination of protected health information of Plaintiff Mitchell Todd Crowley.

Respectfully Submitted,

/s/ Brett A. Ross
Brett A. Ross (ASB-6771-O-76-B)
Chadwick S. Godwin (ASB-1054-A-56-G)

Attorneys for Defendants

OF COUNSEL:

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-4058
E-mail: bar@carrallison.com
csg@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 9th day of January, 2007:

William B. Alverson, Jr.
Albrittons, Clifton, Alverson,
 Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

Erin Scott
Post Office Box 1007
Andalusia, Alabama 36420

/s/ Brett A. Ross
OF COUNSEL

PROPOSED HIPAA ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL TODD CROWLEY and WANDA CROWLEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. CV-06-1090-WKW ) |
| PATRICK THOMPSON, MID SOUTH TRANSPORT, INC., | ) ) ) ) |
| Defendants. | ) |

**HIPAA ORDER IN CIVIL ACTION**

Upon compliance with Rule 45 of the Feceral Rules of Civil Procedure, the attorneys for the parties and pro se parties to this lawsuit are permitted to inspect and copy all health information relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such Individual. Subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care providers, health plan administrators, or other Individuals in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other Individual may grant or deny a request for an interview.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose

Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order.

DONE and ORDERED this _____ day of _____, 2007.

_____
DISTRICT JUDGE